# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GWENDOLYN PORTER** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-3337-MLCF-SS** |
| **SOCIAL SECURITY ADMINISTRATION** | |

## REPORT AND RECOMMENDATION

For the reasons described below, it is recommended that the complaint of the plaintiff, Gwendolyn Porter ("Porter"), be dismissed without prejudice for failure to prosecute.

## ANALYSIS

On April 23, 2009, Porter filed a complaint for judicial review of a decision of the Commissioner of the Social Security Administration.[1] Rec. doc. 1. She was granted leave to proceed *in forma pauperis*. Rec. doc. 2. She is also proceeding without the assistance of counsel. The record demonstrates that the summons was issued (Rec. doc. 4), but there is no evidence that the defendant was served.

The Federal Rules of Civil Procedure provide:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or upon its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant. . . .

Fed. R. Civ. P. 4(m). Porter's deadline for compliance with this rule was August 19, 2009.

On August 11, 2009, Porter was ordered to serve the defendants and file proof of service of the summons and complaint in the record by September 2, 2009. If she was unable to do this, she was instructed to telephone the undersigned and explain why she could not comply with this order.

---

[1] Porter completed a form and attached a page with a handwritten statement in support of her request to proceed in forma pauperis. She did not describe the basis for her complaint. Rec. doc. 1.

She was notified of the requirement of Fed. R. Civ. P. 4(m). She was cautioned that if she did not comply with the order, a report and recommendation may be issued that her complaint be dismissed without prejudice. Rec. doc. 6. Porter did not comply with the August 11, 2009 order.

On September 3, 2009, Porter was ordered to serve the defendants and file proof of service in the record by September 23, 2009. If she was unable to do this, she was instructed to telephone the undersigned and explain why she could not comply with this order. Her failure to comply with the August 11, 2009 order was noted. She was notified that if she did not comply with the September 3, 2009 order, her complaint would be dismissed without prejudice. This was described as her final opportunity to serve the defendant and file proof of the service in the record. Rec. doc. 7. She did not comply with the September 3, 2009 order.

The authority of a federal trial court to dismiss a plaintiff's action because of her failure to prosecute is clear. See Link v. Wabash R. Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388 (1962). Fed. R. Civ. P. 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court. Larson v. Scott, 157 F.3d 1030, 1032 (5th Cir. 1998). A dismissal pursuant to Fed. R. Civ. P. 4(m) is not an abuse of discretion even if the suit could not be refiled because it would be time barred. Winters v. Teledyne Movible Offshore, Inc., 776 F.2d 1304, 1307 (5th Cir. 1985), McDonald v. United States, 898 F.2d 466, 468 (5th Cir. 1990); Traina v. United States, 911 F.2d 1155, 1157 (5th Cir. 1990); and Peters v. United States, 9 F.3d 344, 345 (5th Cir. 1993).

A Rule 41(b) dismissal is considered to be an adjudication on the merits. Hughes v. City of Houston, 78 F.3d 983, 994 (5th Cir. 1996). The court's power to dismiss for want of prosecution should be used sparingly. See Ramsay v. Bailey, 531 F.2d 706, 707-08 (5th Cir. 1976), cert. denied,

429 U.S. 1107, 97 S. Ct. 1139 (1977). In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than her counsel, is responsible for the delay or failure to comply with the court's order. Markwell v. County of Bexar, 878 F.2d 899, 902 (5th Cir. 1989).

Porter is not represented. The responsibility for the failure to serve the Commissioner and to comply with the court's orders rests exclusively with her. She has had more than 150 days within which to serve the defendant. She has not complied with two orders requiring her to make service. Although both orders offered her the opportunity to telephone the undersigned and explain why she could not serve the defendant, she did not do so. There is a clear record of delay without excuse.

## RECOMMENDATION

Accordingly, IT IS RECOMMENDED that Porter's complaint be dismissed without prejudice for failure to prosecute.

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 25th day of September, 2009.

---
**SALLY SHUSHAN**
**United States Magistrate Judge**

3